UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIVE ON FIFTY, LLC; GATE INDUSTRIES, LLC; and SOUTHERN FILM REGIONAL CENTER-ATLANTA, LLC,<br><br>Plaintiffs,<br><br>-vs.-<br><br>F. RAYMON BEAN; DAVID SHAFFER; JEFFREY KUEHR; GREENFUELS ENERGY, LLC; GEORGIA RENEWABLE POWER, LLC; GRP FRANKLIN, LLC; GRP MADISON, LLC; GRP NORTH CAROLINA, LLC; NORTH CAROLINA RENEWABLE POWER-LUMBERTON, LLC; and NORTH CAROLINA RENEWABLE POWER-ELIZABETHTOWN, LLC,<br><br>Defendants. | Civil Action No.<br>1:16-cv-3690-MLB |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR STATUS CONFERENCE

Plaintiffs' Motion for Status Conference ("Motion") amounts to an improper and unsupported motion for reconsideration of the Court's previous orders staying discovery in this case. The decision to stay has already been considered, and

reconsidered, by this Court. Plaintiffs' Motion offers no sound basis to modify the Court's prior orders, and the Motion should be denied.[1]

## FACTUAL BACKGROUND

On September 30, 2016, Plaintiffs filed a Complaint [Dkt. 1] alleging claims under the federal Racketeering Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1961-1968, and its Georgia corollary, O.C.G.A. §§ 16-14-1 to -12. Plaintiffs also asserted common-law claims for fraud, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. On December 5, 2016, Defendants filed a Motion to Dismiss Or, in the Alternative, for a More Definite Statement ("Motion to Dismiss") [Dkt. 17] and a Motion to Stay Rule 16 and Rule 26 Obligations and Memorandum of Law in Support ("First Motion to Stay"). [Dkt. 16].

This Court granted the First Motion to Stay on December 21, 2016, thereby staying all Rule 16 and 26 obligations until 30 days after the Court's final ruling on Defendants' Motion to Dismiss. [Dkt. 18]. On December 26, 2016, Plaintiffs filed a Motion for Reconsideration of Order Granting Defendants' Motion to Stay ("Motion for Reconsideration"), asking the Court to lift the stay and allow the

---

[1] Defendants submit this Brief in Opposition to Plaintiffs' Motion by way of special appearance and do not waive but specifically reserve all defenses as to the jurisdiction of this Court.

parties to proceed with discovery. [Dkt. 19]. This Court denied Plaintiffs' Motion for Reconsideration because ". . . the interests of justice and the preservation of the parties' and the Court's resources are best served by staying discovery until such time as the motion to dismiss is disposed of." [Dkt. 20].

On April 28, 2017, this Court granted Defendants' Motion to Dismiss, detailing a litany of deficiencies, warning Plaintiffs that the order was "not an exhaustive recitation of every flaw in Plaintiffs' complaint," and cautioning them not to "presume that an amended complaint that addresses only the few examples discussed in the [order] will be impervious to dismissal under Rule 9(b) or 12(b)(6)." See 4/28/2018 Order at 14-15 [Dkt. 30]. Nevertheless, the Court simultaneously granted Plaintiffs' Motion for Leave to Amend Complaint. See generally, id. Plaintiffs filed their First Amended Complaint on June 1, 2016 [Dkt. 33], which Defendants responded to by filing their Motion to Dismiss the First Amended Complaint. [Dkt. 36]. On June 12, 2017, this Court entered a consent order ("Consent Order") [Dkt. 35] granting the parties' jointly-submitted Consent Motion (1) To Extend Deadlines in Relation to Plaintiffs' First Amended Complaint, (2) For Leave to Exceed Page Limits, and (3) To Stay Rule 16 and Rule 26 Obligations ("Consent Motion") [Dkt. 34]. In relevant part, the Consent Order stayed "**Rule 16** and 26 Obligations" until the Court enters a final ruling on

Defendants' Motion to Dismiss the First Amended Complaint. [Dkt. 35 (emphasis added)].

Most recently, Plaintiffs filed the present Motion asking the Court to "set an in-person or telephonic conference, pursuant to **[Rule] 16**" and this Court's Standing Order Regarding Civil Litigation ("Standing Order") [Dkt. 43].[2] See Plf.'s Motion at 1 (emphasis added). Plaintiffs' Motion, if granted, would effectively reverse this Court's prior orders, including the parties' agreed upon Consent Order, which stayed all Rule 16 and Rule 26 obligations in this case until a ruling on Defendants' Motion to Dismiss the First Amended Complaint is entered by the Court. For all of the reasons articulated below, Plaintiffs' Motion should be denied.

## ARGUMENT AND CITATION TO AUTHORITY

### I. PLAINTIFFS' MOTION SHOULD BE CONSTRUED AS A MOTION FOR RECONSIDERATION.

Plaintiffs' Motion asks this Court to modify the prior Consent Order which, in part, granted a stay of Rule 16 and 26 obligations until the Court rules on Defendants' Motion to Dismiss the First Amended Complaint. Because Plaintiffs'

---

[2] Although the Court's Standing Order replaces other standing orders entered in this case, it does not replace *all* orders. [Dkt. 43] at 1 ("This order, in combination with the Local Rules of this Court and the Federal Rules of Civil Procedure, shall govern this case, superseding any previous case instruction orders.").

Motion asks this Court to modify its prior Consent Order, the Motion should be construed as a motion for reconsideration.

In SSC Austell Operating Co. LLC v. Brown, 2019 U.S. Dist. LEXIS 170705, *5 (N.D. Ga. Aug. 5, 2019), the movant asked the Court to lift a stay which, if granted, would modify the court's prior order compelling arbitration. See id. at *4. The Brown court found that the motion to lift the stay was more appropriately construed as a motion for reconsideration. See id. at *4-5. Ultimately, the Brown court denied the motion, finding that the motion failed to comply with Federal Rule of Civil Procedure 60(b) and that the movant "ha[d] not shown any appropriate ground for reconsideration of the Court's [prior] Order." See id. at *5-6.

Here, as in Brown, Plaintiffs' Motion "is an attempt to present new arguments that should have been raised earlier." 2019 U.S. Dist. LEXIS 170705, at *6 (citing Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) ("Parties . . . may not employ a motion for reconsideration as a vehicle to present new arguments . . . or repackage familiar arguments to test whether the Court will change its mind.")). Like the motion in Brown, Plaintiffs' Motion fails to meet the criteria set forth in the Local Rules and Federal Rules of Civil Procedure and, like the motion considered in Brown, should be denied.

## II. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE IT DOES NOT COMPLY WITH THE LOCAL RULES OR FEDERAL RULES OF CIVIL PROCEDURE.

As a motion for reconsideration, Plaintiffs have not complied with this Court's Local Rule 7.2(E) or Rule 60(b) of the Federal Rules of Civil Procedure.[3] Local Rule 7.2(E) states in part that "[m]otions for reconsideration shall not be filed as a matter of routine practice." The Local Rule further provides that motions for reconsideration "shall be filed . . . within twenty-eight (28) days after entry of the order or judgment." Furthermore, "motions for reconsideration are not to be filed as a matter of course, but only when '**absolutely necessary**.'" Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258 (N.D. Ga. 2003) (quoting N.D. Ga. Local Rule 7.2(E) (emphasis added)). "Parties may not use a motion for reconsideration as an opportunity to show the court how it 'could have done it better.'" Id. at 1259 (holding movant was not entitled to reconsideration of court's prior ruling because he did not show any newly discovered evidence, change in controlling law, or clear error) (quoting Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1997)).

---

[3] Although Rules 60(a) and 59(e) typically apply to motions for reconsideration, neither applies here. Rule 60(a) does not apply because Plaintiffs' Motion does not seek to correct "a clerical mistake or a mistake arising from [an] oversight or omission" in the prior Consent Order entered by this Court. Likewise, Rule 59(e) is inapplicable because Plaintiffs' Motion was filed more than twenty-eight days after entry of the June 2017 Consent Order.

Here, Plaintiffs' Motion is by no means "absolutely necessary." Bryan, 246 F. Supp. 2d at 1258; Local Rule 7.2(E). Nor does the Motion show any reason for this Court to modify its June 12, 2017 Consent Order. See id.; see also Fed. R. Civ. P. 60(b). The Motion is also untimely as it was filed well over twenty-eight days after this Court's June 2017 Consent Order. See Local Rule 7.2(E). For these reasons, Plaintiffs' Motion for a Rule 16 status conference should be denied.

### III. THE COURT SHOULD CONTINUE TO ENFORCE ITS CONSENT ORDER GRANTING A STAY IN THESE PROCEEDINGS UNTIL RULING ON DEFENDANTS' MOTION TO DISMISS.

As fully explained in Defendants' Motion to Stay, a stay is particularly warranted in this case given the nature of the claims asserted by Plaintiffs. Notably, Plaintiffs have asserted numerous claims under federal and state RICO statutes and common law. As this Court has noted, "the mere invocation of the [RICO] statute has such an *in terrorem* effect that it would be unconscionable to allow it to linger in a suit and generate suspicion and unfavorable opinion of the putative defendant unless there is some articulable factual basis which, if true, would warrant recovery under the statute." Taylor v. Bear Stearns & Co., 572 F. Supp. 667, 682 (N.D. Ga. 1983) (Judge Forrester).

Moreover, as previously explained, this Court has already considered and reconsidered the implementation of a stay in these proceedings, and the parties are

currently operating under a **consent** order agreed upon by the parties. As provided in the parties' jointly-submitted Consent Motion, which was ultimately granted by this Court, "[s]taying these obligations until Defendants' dispositive motion is ruled upon by the Court **promotes judicial economy, relieves the parties from having to expend time and resources associated with discovery while the Court considers purely legal questions, and will not prejudice any of the parties in this action**." [Dkt. 35 at 6 (emphasis added)]. Plaintiffs offer no justifiable reason for this Court to modify the parties' prior agreement, as reflected in the Consent Order.

Furthermore, Plaintiffs' case has already been dismissed once and, as fully articulated in Defendants' Motion to Dismiss the First Amended Complaint [Dkt. 36], the amended complaint suffers from the same fatal flaws as the original complaint. Given the deficiencies of Plaintiffs' First Amended Complaint, a status conference would unnecessarily waste the time and resources of the parties and this Court. Accordingly, the Court should continue to enforce the stay on Rule 16 and 26 discovery obligations until it rules on Defendants' Motion to Dismiss the First Amended Complaint and determines whether there is "some articulable factual basis" to support Plaintiffs' claims.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for a Rule 16 status conference should be denied. This Court should continue to enforce its Consent Order staying Rule 16 and Rule 26 obligations in this case. Alternatively, Defendants request that the Court hold a hearing on Defendants' pending Motion to Dismiss the First Amended Complaint in lieu of the Rule 16 status conference requested by Plaintiffs. For the Court's convenience, a proposed order is attached hereto as Exhibit "A."

This 17th of December, 2019.

Respectfully submitted,

*/s/ Janna S. Nugent*
Janna S. Nugent
Georgia Bar No. 940465
nugentj@gtlaw.com
James Z. Foster
Georgia Bar No. 756038
fosterja@gtlaw.com

*Counsel for Defendants*

**GREENBERG TRAURIG LLP**
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I hereby certify that the within and foregoing document was prepared in Times New Roman, 14-point font in accordance with Local Rule 5.1(C).

This 17th day of December, 2019.

*s/ Janna S. Nugent*
Janna S. Nugent
Georgia Bar No. 940465

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIVE ON FIFTY, LLC; GATE INDUSTRIES, LLC; and SOUTHERN FILM REGIONAL CENTER-ATLANTA, LLC,<br><br>Plaintiffs,<br><br>-vs.-<br><br>F. RAYMON BEAN; DAVID SHAFFER; JEFFREY KUEHR; GREENFUELS ENERGY, LLC; GEORGIA RENEWABLE POWER, LLC; GRP FRANKLIN, LLC; GRP MADISON, LLC; GRP NORTH CAROLINA, LLC; NORTH CAROLINA RENEWABLE POWER-LUMBERTON, LLC; and NORTH CAROLINA RENEWABLE POWER-ELIZABETHTOWN, LLC,<br><br>Defendants. | Civil Action No. 1:16-cv-3690-MLB |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR STATUS CONFERENCE** with the Clerk of Court using the CM/ECF system which will

automatically send electronic notification of such filing to the following counsel of record:

>Thomas C. Grant, Esq.
>tom@freedgrant.com
>**FREED GRANT LLC**
>101 Marietta Street, NW
>Suite 3600
>Atlanta, Georgia 30303

This 17th day of December, 2019.

*s/ Janna S. Nugent*
Janna S. Nugent
Georgia Bar No. 940465

*Counsel for Defendants*
